Rodolfo LOZANO, Plaintiff-Appellant,

v.

The TEXAS MEXICAN RAILWAY
COMPANY, Defendant-Appellee.

No. 77–1803

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 1977.

William T. Liddell, David Q. Haag, Houston, Tex., for plaintiff-appellant.

Elmore H. Borchers, Laredo, Tex., Jorge C. Rangel, Corpus Christi, Tex., for defendant-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

On September 23, 1974, Rodolfo Lozano, while performing routine repairs on a bridge owned by his employer, The Texas Mexican Railway Company, fell from a standing position and landed on his buttocks causing injury to his back. Lozano brought this action under the Federal Employers' Liability Act, claiming that the injury was caused by his employer's negligence. At the close of plaintiff's case, the district court directed a verdict for the Railway. Lozano contends the district court erred in not permitting a jury determination of the alleged acts of negligence by defendant.

The evidence presented during plaintiff's case did not provide any factual basis for a finding of negligence on the part of the employer. Although Lozano claimed that the defendant failed to provide proper safety equipment, the witnesses agreed that any safety equipment such as planking or handholds would have been placed on the outside of the rails. Since Lozano fell in the center of the rails, these devices would have been of no assistance. While Lozano testified that mud existed on some of the ties, he could not remember any mud where he slipped. Roberto Trevino and Jose Avalos, both witnesses for the plaintiff, stated they could not recall any mud where Lozano fell. Similarly, nothing proved that Lozano slipped on a freshly creosoted tie.

The only fact upon which a jury could find that the working area was unsafe was that the Railway required that the bridge be repaired while a light mist was falling. However, continuing repairs under such weather conditions is a common practice in

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

the industry and has not been considered negligence. *See Detroit, T. & I. R. Co. v. Banning*, 6 Cir., 1949, 173 F.2d 752. In Lozano's situation there was no evidence showing that weather conditions made the tracks unusually slippery. The employer also attempted to protect against the development of any dangerous condition by providing a foot scraper to remove any mud. Under these circumstances the record is devoid of any facts upon which the jury could return a verdict for Lozano. Hence, the district court was correct in directing the verdict.

AFFIRMED.